IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| STEPHEN ANTHONY LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 116-031 |
| | ) |
| ELAINE C. JOHNSON; | ) |
| ALDRIDGE PITE, LLP; and | ) |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) By Order dated March 18, 2016, the United States Magistrate Judge denied the request to proceed IFP without prejudice and directed Plaintiff to complete an Application to Proceed in District Court Without Prepaying Fees or Costs, Form AO 239, and to answer a list of financial questions delineated in the Order. (Doc. no. 3.) In response, Plaintiff submitted a thirty-five page document which the Magistrate Judge determined did not comply with the March 18th instructions for at least four separate reasons. (See doc. no. 5.) Because Plaintiff disregarded the Magistrate Judge's Order and failed to provide accurate and complete financial information sufficient to determine whether he should be allowed to proceed IFP, his renewed IFP motion was denied on April 1, 2016. (Id.) In accordance with the Court's Local Rules, Plaintiff had twenty-one days to remit the entire $400.00 filing fee.

Instead of paying the fee, Plaintiff submitted a second amendment to his original IFP motion, along with a document entitled "Motion for Relief from Judgment or Voluntary Withdrawal of Complaint." (Doc. nos. 6, 7.) Plaintiff has yet again changed his financial disclosures, and he states he was hired to start a job on March 28, 2016 that he expects will pay him "2,450 notes" per month. (Doc. no. 6, p. 1.) Plaintiff also challenges the findings of the Magistrate Judge's April 1st Order, requests his name in the caption of the complaint be changed to ":stephen-anthony:lee," asks for the Magistrate Judge to be replaced with a "true Article III American Judge," and seeks permission to proceed IFP. (Doc. no. 7, p. 16.) In the alternative, he asks that if any of his requests are denied, his case be dismissed without prejudice.

The Court modifies or sets aside non-dispositive rulings by the Magistrate Judge that are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). A ruling is clearly erroneous when the Magistrate Judge abuses his discretion or the District Judge "is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013.) A ruling is contrary to law when it fails to follow or misapplies the law. Id.

The Magistrate Judge correctly explained that although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a privilege, not a right. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993). The Magistrate Judge also pointed out multiple ways Plaintiff failed to follow the Court's March 18th instructions to provide the necessary information to determine whether he should be allowed to proceed IFP. Having reviewed Plaintiff's most

2

recent "amendment" in light of the entirety of the record, the Court finds it does not excuse the problems identified by the Magistrate Judge concerning Plaintiff's prior filings or otherwise show he is entitled to proceed IFP. Because the Magistrate Judge's ruling is not clearly erroneous or contrary to law, the Court overrules Plaintiff's challenges to it. See Fed. R. Civ. P. 72(a); Loc. R. 72.2; Staley v. Owens, 367 F. App'x 102, 104 n.1 (11th Cir. 2010).

In light of the determination Plaintiff is not entitled to proceed IFP, the Court **GRANTS** Plaintiff's alternative request to voluntarily dismiss the entire case without prejudice. (Doc. no. 7-2.) Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss claims by filing a notice of dismissal before an opposing party files an answer or a motion for summary judgment. A review of the docket shows that no Defendant has been served, let alone filed a motion for summary judgment. Accordingly, the Court **ORDERS** this matter **DISMISSED WITHOUT PREJUDICE**. The Clerk shall **TERMINATE** all motions and deadlines.

SO ORDERED this 26th day of April, 2016, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA